UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Veronica Awkard, ) | Civil Action No.: 4:17-cv-01542-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sharon Rammelsberg, Saundra LaVon ) | |
| Herrmann, Mary Stitcher, Sharri Una ) | |
| Rammelsberg, Myrtle Beach Resort ) | |
| Master Homeowners Association, Inc., ) | |
| William Douglas Management, Inc., and ) | |
| Other Unknown/Unnamed Individuals, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Veronica Awkard, an attorney proceeding pro se, filed this action against the above-captioned Defendants, five of whom have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The matter is before the Court for consideration of the parties' objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting one of the motions to dismiss, and granting in part and denying in part the other two motions.[1] *See* ECF No. 139.

**Standard of Review**

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**II.    Rule 12(b)(6)**

"To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395 (4th Cir. 2018) (internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff must provide sufficient detail to show that he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (alterations omitted).

**Discussion**[2]

---

[2] The R & R thoroughly describes the factual and procedural background of this case, as well as the applicable legal standards.

This case involves a landlord-tenant dispute arising from Plaintiff's rental of a condominium unit at Renaissance Tower, a resort in Myrtle Beach, South Carolina, from November 2015 until June 2017. In her Amended Complaint, Plaintiff alleges, *inter alia*, that her landlords refused to adequately repair her condo both before and after a hurricane, that repeated unlawful entries into her condo occurred, and that she suffered racial discrimination while living at Renaissance Tower.[3] *See* First Am. Compl. [ECF No. 67]. Plaintiff names six defendants (in addition to other "unknown/unnamed individuals"): her landlords (Defendants Sharon Rammelsberg, Sharri Una Rammelsberg, and Saundra LaVon Herrmann (collectively, "Defendant Landlords")), the "authorized agent" for the landlords (Defendant Mary Stitcher), the property management company for the condominium unit (Defendant William Douglas Management, Inc. ("WDM")), and the homeowners' association for the resort where the unit is located (Defendant Myrtle Beach Resort Master Homeowners Association, Inc.). First Am. Compl. at pp. 1–5. Plaintiff captions six causes of action in her Amended Complaint: (1) Constructive Eviction, (2) Negligent Supervision, (3) 42 U.S.C. § 1981 (Race Discrimination and Retaliation), (4) The Fair Housing Act of 1968, 42 U.S.C. § 3601, *et seq.* ("FHA"), (5) Intentional Infliction of Emotional Distress, and (6) Interference with Contractual Relations. *Id.* at pp. 14–19.

Defendant Landlords, Defendant Stitcher, and Defendant WDM have each filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[4] *See* ECF Nos. 77, 82, & 86. Plaintiff has responded to the motions, and Defendant Landlords and Defendant WDM have replied. *See* ECF Nos. 102–106. The Magistrate Judge recommends: (1) granting in part and denying in part Defendant Landlords' motion

---

[3] The R & R thoroughly summarizes the factual allegations in Plaintiff's Amended Complaint. *See* R & R at pp. 3–11.

[4] Defendant Myrtle Beach Resort Master Homeowners Association, Inc. was served after the other defendants filed their motions to dismiss; it has filed an answer (ECF No. 119) but not a motion to dismiss. Thus, Plaintiff's federal and state law claims remain pending against this defendant.

to dismiss, (2) granting Defendant Stitcher's motion to dismiss, and (3) granting in part and denying in part Defendant WDM's motion to dismiss. R & R at p. 27. In a nutshell, the Magistrate Judge recommends allowing three of Plaintiff's state law claims to go forward: **constructive eviction and negligent supervision <u>against Defendant Landlords</u>**; and **negligent supervision and intentional interference with contractual relations <u>against Defendant WDM</u>**. *See id.* Plaintiff, Defendant Landlords, and Defendant WDM have filed objections to the R & R.[5] *See* ECF Nos. 143, 145, & 160.

Initially, the Court notes Plaintiff does not specifically object to the Magistrate Judge's determination that Plaintiff—as an attorney[6]—is not entitled to the liberal construction of her pleading ordinarily afforded to pro se litigants. R & R at p. 7 n.7; *see Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only review the Magistrate Judge's proposed finding and recommendation for clear error and need not give reasons for adopting it). The Court discerns no clear error in the Magistrate Judge's determination regarding the treatment of Plaintiff's pro se status. *See generally Rashad v. Jenkins*, 2016 WL 901279, at *3 (E.D. Va. Mar. 3, 2016) ("The United States Court of Appeals for the Fourth Circuit has not addressed that point directly. However, . . . [o]ther courts have drawn a distinction between pro se attorneys and other pro se parties." (collecting cases from the Second, Fifth, Sixth, Seventh, and Tenth Circuits holding pro se attorneys are not entitled to the liberal

---

[5] Plaintiff and Defendant WDM have filed replies to the objections. *See* ECF Nos. 166 & 172.

[6] Ms. Awkard was admitted to the Maryland Bar in 1999. *See* Maryland Attorney Listing, *available at* https://mdcourts.gov/lawyers/attylist (input "Awkard" for last name and "Veronica" for first name); *see generally Hall v. Virginia*, 385 F.3d 421, 424 & n.3 (4th Cir. 2004) (taking judicial notice of publicly available information on state government website); *Sierra Club v. United States Dep't of the Interior*, 899 F.3d 260, 276 n.4 (4th Cir. 2018) (federal government website). She is clearly familiar with federal court procedure, and a brief Westlaw search reflects her prior practice in federal court. *See, e.g.*, *Konah v. D.C.*, 971 F. Supp. 2d 74 (D.D.C. 2013) (representing a plaintiff in a complex civil rights case) (citing *Konah v. D.C.*, 915 F. Supp. 2d 7 (D.D.C. 2013), and *Konah v. D.C.*, 815 F. Supp. 2d 61 (D.D.C. 2011)); *Grissom v. D.C.*, 853 F. Supp. 2d 118 (D.D.C. 2012) (representing a § 1983 plaintiff); *Tolson v. Springer*, 618 F. Supp. 2d 14 (D.D.C. 2009) (Title VII case); *Kyei v. Harmony Hall, Inc.*, 2012 WL 6681948 (D. Md. Dec. 21, 2012) (representing a plaintiff in an employment discrimination case that survived summary judgment); *Tibbs v. Williams*, 263 F. Supp. 2d 39, 40 (D.D.C. 2003) (§ 1983 and state law claims).

and lenient treatment ordinarily afforded pro se parties)).

The Court will now address the parties' respective objections.

I.      **Plaintiff's Objections**

In her objections, Plaintiff rehashes various allegations in her Amended Complaint[7] and asserts that "[a]s to the claims rejected by the [Magistrate Judge], Plaintiff contends that in her Amended Complaint, she made adequate factual allegations to raise a reasonable inference that all Defendants are liable for the claims in her Amended Complaint," Pl.'s Objs. [ECF No. 160] at p. 4, and that "the Court should maintain all of Plaintiff[']s claims since all Defendants were on notice and that the Amended Complaint was sufficiently pled." *Id.* at p. 7.

However, Plaintiff does not appear to specifically object to the Magistrate Judge's analysis of her federal claims under § 1981, § 1982, and the FHA. She instead rehashes some of the allegations in her complaint and asserts, "Plaintiff perceived that all the adverse actions to which she was repeatedly subjected was based in racial animas [*sic*]." Pl.'s Objs. at p. 2. Regardless, the Court has conducted a de novo review and agrees with the Magistrate Judge that Plaintiff's Amended Complaint fails to state plausible claims of racial discrimination under those federal statutes. Accordingly, the

---

[7]      Although Plaintiff challenges the Magistrate Judge's summary of the allegations in her Amended Complaint, *see* Pl.'s Objs. at pp. 3–5, the Court notes the R & R fairly summarizes those allegations. However, the Court does modify the first sentence of the R & R to reflect that Plaintiff has paid the filing fee and is not requesting to proceed in forma pauperis. *See* ECF No. 1.
         Plaintiff also asserts the Magistrate Judge erroneously conducted a "Summary Judgment review," Pl.'s Objs. at p. 1, but the R & R clearly indicates the Magistrate Judge applied the correct standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

5

Court will adopt the R & R regarding Plaintiff's federal claims.[8, 9]

Plaintiff does specifically object to the Magistrate Judge's rejection of her state law claim for outrage/intentional infliction of emotional distress that is asserted against Defendant Landlords, Defendant Stitcher, and Defendant WDM. *See* Pl.'s Objs. at p. 7. However, the Court agrees with the Magistrate Judge that Plaintiff's Amended Complaint fails to state a plausible outrage claim because it does not sufficiently allege facts establishing extreme and outrageous conduct (the second element of this cause of action). *See* R & R at pp. 23–26; *Argoe v. Three Rivers Behavioral Health, L.L.C.*, 710 S.E.2d 67, 74 (S.C. 2011) (listing the elements of an outrage claim); *see, e.g.*, *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 856–57 (D.S.C. 2015) (finding the plaintiff failed to state a plausible outrage claim because his allegations did "not rise to the level of extreme and outrageous conduct necessary to state a claim"). Accordingly, the Court will grant the motions to dismiss regarding Plaintiff's outrage claim.[10]

---

[8] Plaintiff also does not appear to specifically object to the Magistrate Judge's analysis of her state law claims for constructive eviction, negligent supervision, or intentional interference with contractual relations. The Court addresses these claims when resolving the defendants' objections below.

[9] Again, Defendant Myrtle Beach Resort Master Homeowners Association, Inc. has not moved to dismiss the federal claims, and therefore those claims remain pending against it. The Court notes such a motion will likely be successful in light of the Court's above finding that the Amended Complaint fails to state plausible claims of racial discrimination under § 1981, § 1982, and the FHA.

[10] Plaintiff also specifically objects to the Magistrate Judge's rejection of any negligence claim asserted in the Amended Complaint. *See* Pl.'s Objs. at pp. 1–2 (citing an attachment to her complaint and indicating the negligence claim arises from a 2016 incident when Plaintiff was injured in an elevator). The Magistrate Judge rejected any claim of negligence because Plaintiff "did not set out a separate count for 'negligence' in her pleading" and instead indicated for the first time that she was pursuing a negligence claim in her responses to the motions to dismiss. R & R at p. 7 n.7. The Court agrees with the Magistrate Judge that Plaintiff's Amended Complaint does not allege a separate cause of action for negligence; instead, it sets forth six other distinct, separately-captioned causes of action. Meanwhile, the elevator incident is buried in an attachment to her complaint without indication that Plaintiff is pursuing a negligence claim based on the incident. *See* ECF No. 67-1 at pp. 5–6. Moreover, as noted above, Plaintiff is an attorney and obviously familiar with how to draft a complaint in federal court. *See generally* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *contra Terry v. United States*, 120 F. 483, 485 (4th Cir. 1903) ("The plaintiff . . . is a layman and not presumed to be familiar with the technical forms of pleading . . . .").
Additionally, Plaintiff contends the R & R "did not clearly that Plaintiff could amend her deficiencies." Pl.'s

## II. Defendant Landlords' and Defendant WDM's Objections Concerning Plaintiff's Negligent Supervision Claim

Defendant Landlords and Defendant WDM object to the Magistrate Judge's recommendation regarding Plaintiff's negligent supervision claim. *See* ECF Nos. 143 & 145.

The South Carolina Supreme Court has set forth the requisite elements of a negligent supervision claim several times, but with some discrepancies (as indicated by the parties' objections below). *Compare Doe v. Bishop of Charleston*, 754 S.E.2d 494, 500 (S.C. 2014), *James v. Kelly Trucking Co.*, 661 S.E.2d 329, 330 (S.C. 2008), *and Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C. 1992). However, at the very least, these cases hold that an employer can be liable for negligent supervision when: (1) its employee harms another when she is on the employer's premises, is on premises she is privileged to enter only as employee, or is using the employer's chattel; (2) the employer knows or has reason to know it has the ability to control the employee; and (3) the employer knows or has reason to know of the necessity and opportunity to exercise such control. *See Doe*; *James*; *and Kelly*. "[T]he employer's liability under such a theory does not rest on the negligence of another, but on the employer's own negligence. Stated differently, the employer's liability under this theory is not derivative, it is direct." *James*, 661 S.E.2d at 331.

### A. Defendant Landlords' Objection

---

Objs. at p. 2. However, she does not specifically ask to amend her complaint, has not filed a motion to amend it (which she has already amended once), and has not submitted a proposed second amended complaint with her objections. Accordingly, the Court declines to *sua sponte* grant leave to amend at this time. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) ("Regardless of the merits of the desired amendment, a district court does not abuse its discretion 'by declining to grant a motion that was never properly made.'" (quoting *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630–631 (4th Cir. 2008)); *Cozzarelli*, 549 F.3d at 630–31 (finding no abuse of discretion where the plaintiffs requested leave to amend in a response but did not file a motion to amend or a proposed amended complaint).

In their sole objection,[11] Defendant Landlords argue Plaintiff fails to state a plausible negligent supervision claim because the Amended Complaint "clearly attempts to allege" that the employee (Defendant Stitcher) "was acting within the course and scope of her employment," and therefore any liability on their part would fall under a vicarious liability theory. ECF No. 143 at pp. 1–2. The S.C. Supreme Court has implicitly rejected the notion that a negligent supervision claim only applies when an employee acts *outside* the scope of her employment:

> Some jurisdictions have limited the application of the theories of negligent hiring, training, supervision, and entrustment to instances where an employee acts outside the scope of his employment, and this proposition finds some support in the comments to the Restatement. *See Di Cosala v. Kay*, 450 A.2d 508, 515 (N.J. 1982); *and* RESTATEMENT (SECOND) § 317 cmt. a. **Our case law has not previously recognized such a distinction, and the parties in this case did not argue that we should begin to do so.**

*James v. Kelly Trucking Co.*, 661 S.E.2d 329, 331 n.1 (S.C. 2008) (emphasis added); *see, e.g.*, *Holcombe v. Helena Chem. Co.*, 238 F. Supp. 3d 767, 772 (D.S.C. 2017) (allowing a negligent supervision claim to survive summary judgment where the employee "was acting *within* the scope of his employment" (emphasis added)). Accordingly, the Court overrules Defendant Landlords' objection.

### B.     Defendant WDM's Objections

Defendant WDM first argues Plaintiff fails to state a plausible negligent supervision claim because she has not alleged any facts suggesting WDM's employees *intentionally* harmed her. ECF No. 145 at pp. 10–11. Judge Duffy recently rejected the same argument in *Holcombe*, *supra*, and the Court agrees with Judge Duffy's thorough survey of South Carolina case law and following conclusion:

> [A]lthough some South Carolina cases mention intentional harm as

---

[11]     Defendant Landlords do not specifically object to the Magistrate Judge's recommendation regarding Plaintiff's constructive eviction claim.

8

>     an element of negligent supervision claims, others do not. The
>     unifying feature of the latter line of cases is that the employee caused
>     the harm while acting within the scope of his employment. South
>     Carolina law therefore appears to require proof of intentional harm
>     only where the employee caused harm while acting outside the scope
>     of his employment.

238 F. Supp. 3d at 772.

Next, Defendant WDM argues Plaintiff fails to plausibly allege all elements of a negligent supervision claim. ECF No. 139 at p. 17. WDM asserts the Amended Complaint does not indicate "that (1) the entries into the Unit were improper and (2) WDM had reason to know a specific individual or group of individuals were engaging in improper behavior." *Id.* The Court disagrees with these assertions because—as the Magistrate Judge explains in detail—Plaintiff alleges she made repeated complaints to WDM (and other defendants) about the allegedly unlawful entries into her condo and specified to WDM (and the other defendants) who was making those entries. *See, e.g.*, Am. Compl. at ¶ 1(allegations of an unlawful entry in March 2016 by WDM's "agents and employees" regarding extermination; and Plaintiff complaining to WDM about these actions); *id.* at ¶ 2 (allegations of an unlawful entry in June 2016 by WDM's "supervisory staff" regarding wind noise and other subsequent unlawful entries by the "same employees or agents"; and Plaintiff notifying WDM "about harassment and unlawful entrances into the subject Unit"); *id.* at ¶ 28 (alleging WDM turned "a blind eye to the crimes that were being committed in the said Unit and to Plaintiff and condoned the criminal actions by their inaction and were knowledgeabl[e] that Plaintiff was vulnerable").

Plaintiff's Amended Complaint states a plausible negligent supervision claim against WDM, and therefore the Court overrules Defendant WDM's objections concerning this claim.

**III.    Defendant WDM's Objections Regarding Plaintiff's Intentional Interference with**

**Contractual Relations Claim**

Defendant WDM asserts Plaintiff's Amended Complaint fails to state a plausible claim for intentional interference with contractual relations ("IICR"). *See* ECF No. 145 at pp. 4–10.

"To establish a cause of action for tortious interference with contractual relations, a plaintiff must show: 1) the existence of a contract; 2) knowledge of the contract; 3) intentional procurement of its breach; 4) the absence of justification; and 5) resulting damages." *Eldeco, Inc. v. Charleston Cty. Sch. Dist.*, 642 S.E.2d 726, 731 (S.C. 2007). This cause of action "protects the property rights of the parties to a contract against unlawful interference by third parties." *Dutch Fork Dev. Grp. II, LLC v. SEL Properties, LLC*, 753 S.E.2d 840, 844 (S.C. 2012).

Defendant WDM first contends Plaintiff does not plausibly allege that WDM had knowledge of the existence of any contract. ECF No. 145 at pp. 5–6. However, as the Magistrate Judge correctly concludes, Plaintiff does in fact allege such knowledge, as the Amended Complaint states, "Defendants' actions interfered with Plaintiff['s] contractual rights of quiet enjoyment and her benefits as a tenant and invitee." Am. Compl. at ¶ 30. Plaintiff sufficiently alleges the second element of her IICR claim.

Next, WDM argues Plaintiff does not plausibly allege that WDM intentionally procured the breach of the contract. ECF No. 145 at pp. 6–9. WDM's argument is two-fold, in that it contends (1) Plaintiff never alleges she breached any contract at all; and (2) Plaintiff does not allege WDM induced a breach of contract. *Id.* Regarding WDM's first argument, Plaintiff does in fact allege a breach—by alleging she renewed her one-year lease in November 2016 but turned in the keys and left in June 2017 (five months before the expiration of the renewed lease), *see* Am. Compl. at p. 2 & ¶ 1, and by attaching a copy of the one-year lease to her complaint. *See* ECF No. 67-2 at pp. 2–3. Regarding WDM's second argument, Plaintiff does in fact allege WDM intentionally procured the breach—by repeatedly allowing

its employees to unlawfully enter her condo and by not adequately repairing her condo. *See, e.g*, Am. Compl. at ¶¶ 1, 2 & 28. Plaintiff sufficiently alleges the third element of her IICR claim.

Finally, WDM asserts Plaintiff does not plausibly allege that WDM acted without justification. ECF No. 145 at pp. 9–10. However, the Court agrees with the Magistrate Judge that "[i]t is a reasonable inference from Plaintiff's factual allegations that WDM's alleged refusal to take corrective measures with its agents was without justification." *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plaintiff sufficiently alleges the fourth element of her IICR claim.

Plaintiff's Amended Complaint states a plausible IICR claim against WDM, and therefore the Court overrules Defendant WDM's objections concerning this claim.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** the parties' objections and **ADOPTS** the Magistrate Judge's R & R [ECF No. 139]. Accordingly, the Court:

(1) **GRANTS** the motion to dismiss [ECF No. 82] filed by Defendant Mary Stitcher;

(2) **GRANTS IN PART AND DENIES IN PART** the motion to dismiss [ECF No. 77] filed by Defendants Sharon Rammelsberg, Sharri Una Rammelsberg, and Saundra LaVon Herrmann; and

(3) **GRANTS IN PART AND DENIES IN PART** the motion to dismiss [ECF No. 86] filed by Defendant William Douglas Management, Inc.

To clarify, Plaintiff's only remaining claims are: **constructive eviction and negligent supervision against <u>Defendants Sharon Rammelsberg, Sharri Una Rammelsberg, and Saundra LaVon Herrmann</u>; negligent supervision and intentional interference with contractual relations**

11

**against Defendant William Douglas Management, Inc.; and the pending federal and state claims against Defendant Myrtle Beach Resort Master Homeowners Association, Inc.** (which has answered but not filed a motion to dismiss).[12]

**IT IS SO ORDERED.**

Florence, South Carolina  
September 27, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[12] The Court notes Plaintiff purports to invoke both federal and diversity jurisdiction, *see* 28 U.S.C. §§ 1331 and 1332, and provides a Florida address in her pleadings, *but* she states in her Amended Complaint that she filed her complaint at the Charleston courthouse the day after leaving Myrtle Beach. *See* Am. Compl. at ¶ 20. Plaintiff also alleges she had a lease in effect until November 2017. *See id.* at ¶ 1; ECF No. 67-2 at pp. 2–3.

In light of Plaintiff's allegations, the Magistrate Judge should determine whether there actually is diversity jurisdiction in this case (i.e., was Plaintiff in fact a citizen of Florida when she filed her complaint). *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("[D]iversity of citizenship is assessed *at the time the action is filed*." (emphasis added)); *see generally Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion." (internal quotation marks omitted)). The Court notes that if Defendant Myrtle Beach Resort Master Homeowners Association, Inc. moves to dismiss the federal claims, such a motion will likely be successful in light of the Court's above rulings; and thus, the Court would no longer have federal question jurisdiction. In that event, the Court strongly questions whether there is complete diversity, and directs the Magistrate Judge to consider this issue at the appropriate time.