UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Veronica G. Awkard, | ) | C/A No. 4:17-cv-01542-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Sharon Rammelsberg; Saudra Lavon Herrmann; Sharri Una Rammelsberg; William Douglas Management, Inc.; and Other Unknown Individuals, | ) | |
| Defendants. | ) | |

On February 27, 2019, the court conducted a detailed telephonic hearing to discuss various discovery-related matters raised by Plaintiff and Defendants. Appearing by telephone were Plaintiff, Veronica G. Awkard ("Plaintiff" or "Awkard"), who is a former practicing attorney representing herself in this matter; Todd Earle Rigler, counsel for Defendants Sharon Rammelsberg, Saudra Lavon Herrmann, and Sharri Una Rammelsberg (collectively, "Landlord Defendants"); and Henry Wilkins Frampton, IV, counsel for Defendant William Douglas Management, Inc. ("WDM").[1] This short order is intended to memorialize in writing several rulings the undersigned made from the bench during the hearing. In sum, the court orders the following:[2]

1. Counsel for Defendant WDM is to provide to the court copies of all discovery requests and responses to same as to all discovery propounded by Plaintiff or by any Defendant

---

[1] G. Michael Smith, counsel for Myrtle Beach Resort Master Homeowners Association Inc. ("MBRMHOA"), was also available by telephone. As MBRMHOA currently is not a party, Smith did not actively participate in discussions concerning discovery.

[2] As the hearing was conducted on the record, detailed discussion of these rulings is not provided herein.

1

in this matter. Regarding responses to requests for production, copies of the produced documents themselves are not required; a list of the produced documents (by Bates number, where available) is sufficient.

2. Plaintiff will appear to complete her deposition to be re-noticed for a location in Florence, South Carolina and taken by a colleague of Mr. Rigler. Counsel for the Landlord Defendants will coordinate with Plaintiff for a mutually agreeable date for this deposition to take place, and it may be videotaped. The court is to be advised when this deposition has been completed. Accordingly, Plaintiff's Objection to Deposition/Motion for Protective Order, ECF No. 232, is *granted in part*.

3. In Plaintiff's Motion to Quash Subpoena for all Medical Records, ECF No. 241, she objects to the subpoenas served by counsel for Defendant WDM on the Baltimore VA Medical Center, Charleston VA Medical Center, and Miami VA Healthcare System; *see* ECF No. 241-1. As an initial matter, the undersigned questions whether Plaintiff has standing to object to subpoenas served on third parties. In any event, as discussed on the record during the February 27, 2019 conference, **the court orders** that Defendant resubmit the subpoenas but, rather than having responsive documents be sent to Defendant, the subpoenaed parties (Baltimore VA Medical Center, Charleston VA Medical Center, and Miami VA Healthcare System) are **ordered** to produce the requested documents to United States Magistrate Judge Kaymani D. West, United States District Court, 401 W. Evans Street, Florence, SC, 29501.[3] Upon receipt of documents responsive to the subpoenas, the undersigned will treat the documents as

---

[3] Counsel for the party issuing the subpoenas is to inform the subpoenaed parties of these instructions. The issuing party is to bear any costs associated with these productions and to address any logistical issues associated with same.

confidential and will conduct an *in camera* review of the documents so that the court may better understand some of the issues raised by the parties. Based on this ruling, the Motion to Quash, ECF No. 241, is *denied without prejudice* to any party raising objections concerning the documents at later date.

4. During the hearing, counsel for Defendants made an oral motion pursuant to Federal Rule of Civil Procedure 35 for Plaintiff to submit to a mental examination based on the results of a recent test that indicated Plaintiff may have issues with cognition. Plaintiff readily agreed to submit to such an examination. The undersigned finds good cause exists for such an examination to take place and *grants* the oral motion. Because Rule 35(2)(B) requires specification of such an examination's details, counsel for Defendants is to provide that detail to the court and to Plaintiff.

5. As discovery is ongoing because of these issues amongst the parties, the court continues to hold all deadlines in the Amended Scheduling Order, ECF No. 189, in abeyance. A revised scheduling order will be issued at a later date.

IT IS SO ORDERED.

February 27, 2019  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge