IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Veronica Awkard, | ) | Case No. 4:17-cv-01542-DCC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sharon Rammelsberg, Saundra Lavon Herrmann, Sharri Una Rammelsberg, Myrtle Beach Resort Homeowners' Association Inc., Williams Douglas Management Inc., Other Unknown/ Unnamed Individuals, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Myrtle Beach Resort Homeowners' Association, Inc.'s ("HOA") motion for partial dismissal of Plaintiff's amended complaint and Plaintiff's motion to amend her amended complaint. ECF Nos. 196, 205. Plaintiff filed a response in opposition to HOA's partial motion to dismiss. ECF No. 281. The remaining Defendants filed responses in opposition to Plaintiff's motion to amend, and Plaintiff filed a reply. ECF Nos. 208, 211, 213, 214. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On May 1, 2019, the Magistrate Judge issued a Report recommending, in part, that the partial motion to dismiss be granted and the motion to amend be denied. The Magistrate Judge advised the parties of the procedures and

requirements for filing objections to the Report and the serious consequences if they failed to do so. Neither party has filed objections, and the time to do so has lapsed.[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Here, the Magistrate Judge recommends as follows: that HOA's partial motion to dismiss be granted leaving only state law claims against it; that Plaintiff's motion to amend be denied making the only viable claims in the operative amended complaint those for constructive eviction and negligent supervision against Defendants Sharon

---

[1] Plaintiff requested an extension of time to respond to the Report, which the Court granted. Plaintiff's objections were due by June 7, 2019; to date she has not filed objections to the Report. The Court notes that Plaintiff filed a response in opposition to the pending motion to compel on June 10, 2019. ECF No. 324. The Court has reviewed this filing and is unable to construe it as objections to the Report.

Rammelsberg, Sharri Una Rammelsberg, and Saundra LaVon Herrmann, and negligent supervision and intentional interference with contractual relations against Defendants William Douglas Management Inc. and HOA; that the Court find Plaintiff to be a citizen of South Carolina for purposes of determining whether jurisdiction exists pursuant to 28 U.S.C. § 1332, and, therefore, find that such jurisdiction does not exist; and that the Other Unknown/Unnamed Individuals be dismissed for failure to prosecute. The Magistrate Judge also provided a thorough recitation of the applicable law and factors to be considered in deciding whether this Court should exercise supplemental jurisdiction over Plaintiff's remaining state law claims. She left this decision to the undersigned.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error an agrees with the recommendations of the Magistrate Judge.

Moreover, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. In making this decision, the Court has considered "convenience and fairness to the parties, the existence of underlying issues of federal policies, comity, and considerations of judicial economy." *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court finds that there are no remaining underlying issues of federal policy and judicial economy will not be served by keeping this action in federal court. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## **CONCLUSION**

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge. Defendant Myrtle Beach Homeowners' Association, Inc's partial motion to dismiss [196] is **GRANTED** and Plaintiff's motion to amend [205] is **DENIED**. All remaining motions [284, 307, 312, 324] are **FOUND as MOOT**. Other Unknown/Unnamed Individuals are **DISMISSED** for failure to prosecute pursuant to Rule 41(b). The Court finds that Plaintiff is a resident of South Carolina for purposes of determining whether jurisdiction exists pursuant to 28 U.S.C. § 1332; accordingly, the Court does not have original jurisdiction over Plaintiff's state law claims. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's remaining state law claims are **DISMISSED** without prejudice to her ability to file this action in state court. *See* 28 U.S.C. § 1367(d).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 14, 2019
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4